UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUKE MATTHEWS, et al.,

                        *Plaintiffs*,

    -against-

ANDREW CUOMO, et al.,

                        *Defendants*.

CONFIDENTIALITY STIPULATION

17-CV-503

(TJM/DEP)

---

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between the parties, through their respective counsel, as follows:

WHEREAS, the parties to this action may wish to disclose information which is subject to the disclosure requirements of the Mental Hygiene Law; and

WHEREAS, the parties desire to facilitate discovery in this matter while preserving the confidentiality of such information;

NOW, THEREFORE, it is hereby AGREED as follows:

1. Since the plaintiffs in this action are alleging psychological injury which resulted in treatment by the New York State Office of Mental Health ("OMH"), the parties understand and agree that any records subject to the Mental Hygiene Law ("MHL") may be disclosed only to plaintiffs' counsel and only subject to the terms of this stipulation, which conforms to the disclosure requirements of the MHL.

2. The parties understand and agree that under MHL § 33.13(f), clinical or other records (e.g., committee meeting minutes) created by OMH at Central New York Psychiatric Center or elsewhere concerning or naming the plaintiffs or any other patients cannot be re-disclosed.

    Section 33.13(f) states, "any disclosure made pursuant to this section shall be limited to that information necessary in light of the reason for disclosure. Information so disclosed shall be kept confidential by the party receiving such information and the limitations on disclosure in this section shall apply to such party."

3. The parties understand and agree that the individual plaintiffs cannot access their records or anyone else's subject to the MHL under § 33.13, but can only do so under § 33.16, which includes review by a treating practitioner. Under § 33.13, therefore, plaintiffs' counsel is prohibited from sharing these records with his clients, the individual plaintiffs.

4. Further, plaintiffs' counsel may disclose records subject to this stipulation only for purposes of this action to employees of his firm, expert witnesses, trial or deposition witnesses, the trier of fact, the court reporter, and the Court. All such persons, however, shall not disclose the substance of the records disclosed to them except for the purposes of the instant litigation and shall take all reasonable steps to keep such information confidential.

5. Under no circumstances, however, may counsel disclose these records to his individual clients. The MHL governs and allows patients, here the individual plaintiffs, to access their own records <u>only</u> by making a section 33.16 request to the HIM Office at CNYPC.

6. If there is any question about whether a document is a clinical record and must undergo an MHL § 33.16 review, plaintiffs' counsel will consult with and send the document to defendants' counsel who will confer with OMH about whether disclosure is permitted under the MHL § 33.16.

7. Should plaintiffs' counsel disagree with OMH's decision on disclosing a document to his client, he agrees to submit the document under seal to Magistrate Judge Peebles for *in camera* review and a ruling on disclosure.

8. The person(s) authorized by this stipulation to view, possess or otherwise access these records shall use such information solely for the purpose of this action and solely to the extent necessary for the litigation of this action. Nothing in this stipulation shall prevent any party to this action from using any record subject to the MHL for any purpose to the extent necessary for the litigation in this action, including offering them as exhibits to motions and offering them into evidence at trial, provided they are submitted under seal.

9. The provisions of this stipulation shall be binding upon each person to whom a disclosure of these records is made.

10. At the conclusion of this action, plaintiffs' counsel shall return the original and any and all copies of these records to the Office of the Attorney General of the State of New York and no copies of this information or material shall be retained by counsel. Alternatively, plaintiffs' counsel at the conclusion of this matter may destroy the original and any copies of these records, provided plaintiffs' counsel advises defense counsel in writing of such destruction within 2 weeks of its occurrence.

11. This stipulation is binding on the parties.

Dated: New York, New York
　　　March 24, 2018

s/ [signature]
Keith M. Szczepanski
Beldock, Levine Law Firm
Attorney for Plaintiffs
99 Park Avenue
Suite 2600
New York, NY 10016

Dated: Albany, New York
　　　March 14, 2018

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

s/ Nicole Haimson
Nicole Haimson
Assistant Attorney General, of Counsel
Bar Roll No. 519339
Telephone: (518) 776-2257

Dated: Syracuse, New York
　　　_____, 2018

　　　SO ORDERED:

_____

HON. DAVID E. PEEBLES
UNITED STATES MAGISTRATE JUDGE