UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LUKE MATTHEWS, et al.,

                                                *Plaintiffs*,      **PROTECTIVE ORDER**

                -against-                                 17-CV-503

DOCCS, et al.,                                              TJM/DEP

                                                *Defendants*.

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between the parties, through their respective counsel, as follows:

IT IS STIPULATED AND SO ORDERED:

1. The terms and conditions of this Order shall govern all disclosure conducted in this action that are designated as defined in paragraph 2 pursuant to the Federal Rules of Civil Procedure and all other information exchanged by the parties or produced by any third party in response to discovery requests or subpoenas.

2. The designation "CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall apply only to the portion of any material, disclosed by a party or a third party, or designated by counsel as "CONFIDENTIAL/ATTORNEYS' EYES ONLY", and that counsel believes in good faith consists of (1) personnel or employment records; (2) medical information which is protected from disclosure by statute; or (3) information that could jeopardize institutional or inmate safety and security.

3. The Nondisclosing Attorneys shall not disclose such disclosure marked "CONFIDENTIAL/ATTORNEYS' EYES ONLY" (hereinafter referred to as "CONFIDENTIAL") to persons other than the counsel of record, employees of such counsel of records actively assisting in the conduct of this action, expert witnesses or consultants retained for the purposes of the prosecution, defense, or appeal of this action, any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, the trier of fact, the court reporter, and the Court. To the extent necessary, plaintiffs may only view the disclosures designated CONFIDENTIAL in the presence of plaintiffs' counsel or defense counsel and only for the purposes of assisting in the prosecution or defense of this action and any appeals. Under no circumstances, unless all counsel agree otherwise in writing, shall plaintiffs retain copies or take possession of disclosures designated CONFIDENTIAL.

4. Notwithstanding anything to the contrary contained herein, nothing in this paragraph shall be interpreted to prevent any party from using any statement of another party or non-party or document drafted by a party or non-party during any party deposition, at trial, or on appeal, unless the party raising an objection to the use of such statements or documents at a deposition, at trial, or on appeal obtains a determination or ruling from the Court preventing the use of such statements or documents at a deposition, at trial, or on appeal. Prior to the disclosure of any such statement or document to a deponent or witness, the objecting party shall have an opportunity to seek a ruling from the Court.

5. Nothing set forth in paragraphs 2 or 3 herein shall preclude plaintiffs or defendants from calling any person as a witness who is identified in any document marked as "CONFIDENTIAL."

6. The person(s) authorized to by this Agreement to view, possess or otherwise access "CONFIDENTIAL" (information or material shall use such information or material solely for the purpose of this action and any appeals, and solely to the extent necessary for the litigation of this action and any appeals.

7. A copy of this Order shall be delivered to the plaintiffs, defendants, and to each person listed in paragraph 3 to whom a disclosure of CONFIDENTIAL information or material is made, at or before the times of the disclosure by the party making the disclosure or that party's counsel. The provisions of this Order shall be binding upon each such person to whom a disclosure of CONFIDENTIAL information or material is made.

8. The parties and their counsel, shall ensure that each person to whom CONFIDENTIAL information or material is disclosed shall keep such CONFIDENTIAL information or material in a secure location to prevent unauthorized disclosure.

9. If any CONFIDENTIAL information or material which is disclosed pursuant to this Order is offered into evidence or otherwise disclosed at the trial of this action, the parties hereby jointly request that any portion of the trial transcript reflecting such confidential information and any documents received into evidence containing such confidential information shall be made a sealed record until further Order of the Court. In any event, unless counsel agree otherwise, any pages of deposition testimony reflecting confidential information will be treated by the parties as confidential information under this Order.

10. Except as provided above, at the conclusion of this action, plaintiffs' counsel shall return the original and any and all copies of the CONFIDENTIAL information or material to the Office of the Attorney General of the State of New York and no copies of said CONFIDENTIAL

information or material shall be retained by plaintiffs' counsel or each person listed in paragraph 3 above.

11. This stipulation is binding on the parties to it as soon as it is signed by their counsel regardless of whether it is signed by other counsel or so ordered by the Court.

12. The District shall retain jurisdiction to decide any dispute arising over whether any document was appropriately marked as "CONFIDENTIAL/ATTORNEYS' EYES ONLY".

13. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order or decision by the Court.

Dated: APRIL 25, 2018
New York, NY

By: _____
Keith M. Szczepanski
Beldock, Levine Law Firm
Attorney for plaintiffs
99 Park Avenue
Suite 2600
New York, NY 10016

4

Dated: April 24, 2018
      Albany, New York

By: _s/ Nicole Haimson_

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**Nicole Haimson**
Assistant Attorney General, of Counsel
Bar Roll No. 519339
Telephone: 518-776-2257
Email: Nicole.Haimson@ag.ny.gov

IT IS SO ORDERED.

DATED: _____

_____
**Thomas J. McAvoy**
Senior United States District Judge