UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKE MATTHEWS; and KASIEM CHAVES, | **STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL** |
| *Plaintiffs,* | |
| -against- | 9:17-CV-00503 GTS/ML |
| LEONARD SWEENEY; MICHAEL GUYNUP; CORRECTIONAL EMERGENCY RESPONSE TEAM (CERT) OFFICER 44-23; CERT OFFICER 44-5; CERT OFFICER 44-4; CERT OFFICER 44-3; and CERT OFFICER 44-29; | |
| *Defendants.* | |

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") is made by and between Plaintiffs LUKE MATTHEWS and KASIEM CHAVES ("Plaintiffs") and Defendants LEONARD SWEENEY, MICHAEL GUYNUP, CORRECTIONAL EMERGENCY RESPONSE TEAM (CERT) OFFICER 44-23, CERT OFFICER 44-5, CERT OFFICER 44-4, CERT OFFICER 44-3, and CERT OFFICER 44-29 ("Defendants") (Plaintiffs and Defendants, collectively, "the Parties"):

WHEREAS, Plaintiffs commenced the above-captioned action by filing a Complaint on or about June 6, 2016 (ECF No. 1), an Amended Complaint on or about May 31, 2018 (ECF No. 62), a Second Amended Complaint on or about April 10, 2019 (ECF No. 167), and a Third Amended Complaint on or about August 27, 2021 (ECF No. 298), alleging claims pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964; and

WHEREAS, the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, by the Decision and Order filed on February 10, 2025 (ECF No. 380), all claims of former Plaintiffs Carlos Gomez, Gentl Bonds, and Robert Smith were dismissed for

1

failure to exhaust their available administrative remedies before filing suit; and by Stipulation and

Order of Discontinuance filed on January 4, 2022 (ECF No. 310), former Plaintiff Robert Negron

agreed to discontinue all of his claims, with prejudice, pursuant to Fed. R. Civ. P. 41(a); and

WHEREAS, Defendants expressly deny any wrongful conduct or liability, or violation of

any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them and any and all

other disputes, whether known or unknown, without further litigation or proceedings before any

court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has

been appointed, and no person not a party to this Settlement Agreement has an interest in the

subject matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations,

and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and

agree, and the Court orders, as follows:

1.    **Dismissal of the Action with Prejudice.** The Action and all claims asserted therein

are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without

payments, attorneys' fees, costs, disbursements, or expenses in excess of the amount specified in

Paragraph 2 of this Settlement Agreement.  Plaintiff Luke Matthews further agrees not to reactivate

*Luke Matthews v. The State of New York*, Court of Claims Claim No. 126700, which was

conditionally dismissed pursuant to the Stipulation and Order of Conditional Dismissal attached

as Exhibit A.

2.    **Payment to Plaintiffs.** For and in consideration of Plaintiffs' execution of this

Settlement Agreement, their agreement to be bound by its terms, and their undertakings as set forth

2

herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 5, 6, and 8 herein, the State of New York, on behalf of Defendants, shall pay the total sum of Two Thousand Dollars and 0/100 Cents ($2,000.00) to Plaintiff Luke Matthews, and the total sum of Five Hundred Dollars and 0/100 Cents ($500.00) to Plaintiff Kasiem Chaves, in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages. The foregoing payments shall be made payable to "Beldock Levine & Hoffman LLP" and mailed to Beldock Levine & Hoffman LLP, 99 Park Avenue, Suite 2600, New York, New York 10016.

3. **State Approval of Payments.** Payment of the amounts specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiffs and Plaintiffs' attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but limited to, each Plaintiff's Affirmation of Medicare Status as set forth in Paragraph 7 of this Settlement Agreement.

4. **Accrual of Interest.** In the event that payment of the amounts specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the New York State Attorney General (OAG) of a "So Ordered" copy of this Settlement Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by OAG of all documentation required under Paragraphs 3 and 7 of this

Settlement Agreement. However, if the provisions of N.Y. Exec. Law § 632-a apply to Plaintiffs and the payment to Plaintiffs of any amounts specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

5.     **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payments specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiffs, and that Plaintiffs shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest, or penalties. Plaintiffs agree that they will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6.     **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payments specified in Paragraph 2 of this Settlement Agreement,

4

by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiffs, and that Plaintiffs shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest, or penalties. Plaintiffs agree that they will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7. **Medicare Certification.** Plaintiffs represent and warrant that they are not currently Medicare recipients and/or Medicare eligible, have never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on their behalf by Medicare, and further that they do not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Each Plaintiff agrees to deliver a fully executed Affirmation of Medicare Status in the form annexed hereto as Exhibit B ("Medicare Affirmation") to OAG. Plaintiffs acknowledge and understand that receipt of a fully executed Medicare Affirmation for each Plaintiff by OAG, together with any required supporting documentation, is a prerequisite to payment of the settlement amounts referenced in Paragraph 2 herein, and falls within the category of "other documentation" and "required documentation" described in Paragraphs 3, 4, and 8 of this Settlement Agreement.

5

8.        **Responsibility for Medicare Payments or Medicare Liens.** Plaintiffs agree to defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Defendants and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amounts specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amounts specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9.        **General Release.** For and in consideration of the payment of the settlement amount(s) referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiffs, on behalf of themself, their heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby release and forever discharge Defendants, the New York State Department of Corrections and Community Supervision, and the State of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties")

6

from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries,

debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages,

judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or

undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future

against some, any, or all of the Released Parties, related to or arising out of the acts, transactions,

occurrences, or omissions which are described, alleged, or contained in the Action; or any other

claims, causes of action, rights, or administrative charges for relief, whether for moneys owed,

equitable relief, costs, fees, or other expenses, including attorneys' fees.

Plaintiffs are not waiving or releasing any nonwaivable statutory protections, or waiving

or releasing any claims that may arise after execution of this Settlement Agreement. Plaintiffs are

also not waiving or releasing any claims under New York Military Law; any claims under N.Y.

Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York

Unemployment Insurance Law. Additionally, nothing in this General Release prohibits Plaintiffs

from speaking with a law enforcement agency, the Equal Employment Opportunity Commission,

the New York State Division of Human Rights, a local commission on human rights, or an attorney

retained by an employee or potential employee, or testifying, assisting, or participating in an

investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

     **10.**    **No Other Action or Proceeding.** Other than the Action, Plaintiffs represent that

they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or

proceeding of any kind that is still pending against the Released Parties, on their own behalf or on

behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that

none of the foregoing is currently pending in any court or before any administrative or investigative

body or agency, and acknowledge that this representation constitutes a material inducement for

Defendants to enter into this Settlement Agreement.

11.    **Waiver of Attorneys' Liens.** The undersigned attorneys for Plaintiffs do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12.    **No Other Attorneys.** Plaintiffs represent and warrant that, besides the undersigned attorneys for Plaintiffs, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13.    **No Prevailing Party.** Neither Plaintiffs nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14.    **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions,

subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

15.     **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

16.     **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

17.     **Voluntary Agreement.** Plaintiffs represent that they have carefully read and fully understand all provisions of this Settlement Agreement, including the General Release. Plaintiffs represent that they have executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that they understand its terms, contents, and effect. Plaintiffs acknowledge that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

18.    **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

19.    **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

20.    **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

21.    **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

22.    **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

23.    **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: _____, 2025          _____
                                         Luke Matthews


Dated: _____, 2025          _____
                                         Kasiem Chaves


        JUNE
Dated: May 23, 2025                      BELDOCK LEVINE & HOFFMAN LLP
       New York, New York
                                         By: _____
                                         David B. Rankin, Esq.
                                         Marc A. Cannan, Esq.
                                         Jonathan C. Moore, Esq.
                                         Attorneys for Plaintiffs
                                         99 Park Avenue, Suite 2600
                                         New York, New York 10016
                                         P: (212) 490-0400
                                         drankin@blhny.com
                                         mcannan@blhny.com
                                         JMoore@blhny.com


       August 1, 2025
Dated: May __, 2025                      LETITIA JAMES
       Albany, New York                  Attorney General
                                         State of New York
                                         *Attorney for Defendants*

                                         By: *Thomas A. Cullen*
                                         Thomas A. Cullen
                                         Assistant Attorney General
                                         The Capitol
                                         Albany, New York 12224
                                         Telephone: (518) 776-2579
                                         Fax: (518) 915-7738
                                         Email: thomas.cullen@ag.ny.gov


Dated: _____, 2025          SO ORDERED:
       Syracuse, New York
                                         _____
                                         The Honorable Glenn T. Suddaby
                                         United States District Judge

11

Dated: _June 6,_ , 2025

Luke Matthews

Dated: _____, 2025

Kasiem Chaves

Dated: May ___, 2025
         New York, New York

BELDOCK LEVINE & HOFFMAN LLP

By: _____
David B. Rankin, Esq.
Marc A. Cannan, Esq.
Jonathan C. Moore, Esq.
Attorneys for Plaintiffs
99 Park Avenue, Suite 2600
New York, New York 10016
P: (212) 490-0400
drankin@blhny.com
mcannan@blhny.com
JMoore@blhny.com

Dated: May __, 2025
         Albany, New York

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By:_____
Thomas A. Cullen
Assistant Attorney General
The Capitol
Albany, New York 12224
Telephone: (518) 776-2579
Fax: (518) 915-7738
Email: thomas.cullen@ag.ny.gov

Dated: _____, 2025
         Syracuse, New York

SO ORDERED:

_____
The Honorable Glenn T. Suddaby
United States District Judge

11

Dated: _____, 2025

Luke Matthews

Dated: *June 2,* _____, 2025

*Kasiem Chaves*
Kasiem Chaves

Dated: May ___, 2025
New York, New York

BELDOCK LEVINE & HOFFMAN LLP

By: _____
David B. Rankin, Esq.
Marc A. Cannan, Esq.
Jonathan C. Moore, Esq.
Attorneys for Plaintiffs
99 Park Avenue, Suite 2600
New York, New York 10016
P: (212) 490-0400
drankin@blhny.com
mcannan@blhny.com
JMoore@blhny.com

Dated: May __, 2025
Albany, New York

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By:_____
Thomas A. Cullen
Assistant Attorney General
The Capitol
Albany, New York 12224
Telephone: (518) 776-2579
Fax: (518) 915-7738
Email: thomas.cullen@ag.ny.gov

Dated: August 5 _____, 2025
Syracuse, New York

SO ORDERED:

Glenn T. Suddaby
U.S. District Judge

**EXHIBIT A**

STATE OF NEW YORK
COURT OF CLAIMS

------------------------------------------------------------- X

LUKE MATTHEWS,

     Claimant,

 v.

THE STATE OF NEW YORK,

    Defendant.

------------------------------------------------------------- X

**STIPULATION and ORDER of
CONDITIONAL DISMISSAL**

Milano, J.
Claim No. 126700



FILED

SEP 2 6 2017

STATE COURT OF CLAIMS
ALBANY, NY

FRANK P. MILANO, Judge:

 **WHEREAS**, an action by Claimant(s) which arose from the same incident giving rise to this claim is pending in the Northern District of New York against Andrew Cuomo, the New York State Department of Corrections, the New York State Office of Mental Health, David Rock, Osman Yidliz and John and/or Jane Does 1, 2, 3, etc. bearing case number 17-cv-503-TJM-DEP; and

 **WHEREAS**, the final disposition of the Northern District action may render this claim moot, but Claimant(s) wish to retain the right to continue prosecution of this claim in the event that he/she/they, in his/her/their sole discretion and judgment, determine(s) that the resolution of the Supreme Court action did not provide complete relief; and

 **WHEREAS**, the conditional dismissal and reactivation of the claim will not prevent the Defendant from setting forth any colorable defense thereupon, including collateral estoppel and res judicata, exclusive of any defense based upon an alleged failure to timely file a claim, or any statute of limitations defense if such defense is stated in Defendant's filed answer; and

 **WHEREAS**, this conditional dismissal has no bearing or effect, on the merits, timeliness, or validity of the parties' existing claims and/or defenses;

**NOW, IT IS HEREBY STIPULATED** and agreed by and between the undersigned attorneys of record that this claim is dismissed, without prejudice, conditioned on the following:

1. To reactivate this claim, Claimant(s) must:

 (a) Serve upon the Defendant's attorney(s), either personally or by certified mail, return receipt requested, a letter stating that Claimant(s) intends to reactivate this claim, accompanied by proof of the date of discontinuance, settlement, verdict or dismissal of the Supreme Court action **or** by filing a stipulation of reactivation executed by counsel for Claimant(s) and Defendant, **and**

Entered In Order Book No. 06438
Recorded in Computer RH
Date 9/26/17

(b) File a Note of Issue and Certificate of Readiness or sending a letter to the assigned Judge of this claim, requesting a conference to schedule discovery.

Service of the document(s) or the filing of the stipulation referred to in subparagraph (a) above is a condition precedent to the actions set forth in subparagraph (b) above.

Completion of the service and/or filing of documents as set forth in subparagraphs (a) and (b) above within the limitations of time as set forth in paragraphs 2 and 3 below is a condition precedent to reactivation of the claim.

2. Claimant(s)' attorney must accomplish both actions as required by subparagraphs (a) and (b) of paragraph 1 not more than forty five (45) days after the date of any discontinuance, settlement, verdict or dismissal of the Northern District action. If both do not occur prior to the expiration of that forty five (45) day period, this claim shall be deemed dismissed on the merits and with prejudice, without further Order of this Court.

3. One of the actions set forth in subparagraph (b) of paragraph 1 must be accomplished by claimant(s) not more than sixty (60) days after service upon defendant's attorney of the document(s) recited in subparagraph (a) of paragraph 1. If such does not occur prior to the expiration of that sixty (60) day period, this claim shall be deemed dismissed on the merits and with prejudice, without further Order of this Court.

By: _____ , Dated: 9/7/17
Attorney for Claimant(s)


By: _____ , Dated: 9/11/17
Attorney for Defendant


**SO ORDERED.**


Dated: Albany, NY
       September 12, 2017



_____
FRANK P. MILANO, Judge of the Court of Claims



# Court of Claims
## State of New York

ROBERT ABRAMS BUILDING
FOR LAW AND JUSTICE
BOX 7344, CAPITOL STATION
ALBANY, NEW YORK 12224

(518) 432-3453

**Richard E. Sise**                                                                                    **Eileen F. Fazzone**
Acting Presiding Judge                                                                                  Chief Clerk

September 26, 2017

Keith M. Szczepanski, Esq.
Beldock Levine & Hoffman LLP
99 Park Avenue 26th Floor
New York, NY 10016

Honorable Eric T. Schneiderman
Attorney General
The Capitol
Albany, NY 12224

Attn:   Asst. Attys. General Feldman, Brooks & Calabrese

Re:    Luke Matthews  v. The State of New York
       Claim No.  126700

Dear Counsel:

I am enclosing herewith copy of Stipulation of Conditional Dismissal, "So Ordered" by the Court, Milano, J., filed in the Clerk's office, September 26, 2017, dismissing the above entitled and numbered claim as stated in the Order set forth.

Very truly yours,

Eileen F. Fazzone
Chief Clerk

EFF/lw
Enclosure

# **MEMORANDUM**

**TO:**        Decision Unit

**FROM:**    Melissa Hasan
             Secretary to Judge Milano

**SUBJECT:**  Luke Matthews v. State of New York
             Claim No. 126700

**DATE:**     September 12, 2017


    The attached Stipulation, relating to the above referenced claim, is being forwarded to you for filing and mailing.

    Thank you!

Attch.



# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LUKE MATTHEWS; and KASIEM CHAVES,

*Plaintiffs*,

-against-

LEONARD SWEENEY; MICHAEL GUYNUP;
CORRECTIONAL EMERGENCY RESPONSE
TEAM (CERT) OFFICER 44-23; CERT OFFICER
44-5; CERT OFFICER 44-4; CERT OFFICER 44-3;
and CERT OFFICER 44-29;

*Defendants*.

**AFFIRMATION OF
MEDICARE STATUS**

9:17-CV-00503
GTS/ML

_____, affirms under penalty of perjury:

1.    I am Plaintiff _____ or the duly appointed fiduciary for Plaintiff _____ in the above-captioned action ("Action").

2.    I submit this affirmation on personal knowledge as Plaintiff _____ or as the duly appointed fiduciary for Plaintiff _____. I am aware that it will be relied upon by the Office of the Attorney General ("OAG") in connection with the settlement of or the judgment in the Action as it relates to the OAG's obligations concerning Medicare compliance pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3.    I understand that a query has been or will be made pursuant to Section 111 of the MMSEA, 42 U.S.C. § 1395y(b)(8), to verify my/the injured party's Medicare status due to the injuries alleged in the Action.

4.    I acknowledge and understand that pursuant to the MMSEA and MSP and as mandated by the U.S. Centers for Medicare and Medicaid Services rules and regulations, I am, as Plaintiff _____ or duly appointed fiduciary for Plaintiff _____, required to:

    a.    reimburse Medicare from the proceeds of the settlement or judgment in the Action for conditional payments Medicare has made for treatment of my/injured party's injuries alleged in the Action; and

       b.  use the settlement or judgment proceeds in the Action to pay for my/injured party's future medical expenses, when those expenses are for care or treatment related to the injuries alleged in the Action.

5.      I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the MMSEA and MSP as deemed necessary and/or required by the OAG.

6.      I agree to promptly provide OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the MMSEA and MSP.

## PEDIGREE INFORMATION

7.      I /injured party have/has been known by the following names (include all alias name[s], and/or former name[s]): _____. I acknowledge that I/injured party may be or was identified by this/these name(s) and all these names do, indeed, refer to me/injured party.

8.      I consent to OAG verifying my/injured party's Medicare status for purposes of OAG's compliance with Section 111 of the MMSEA and MSP.

9.      I affirm that:

       a.  The Injured Party's social security number is: _____

       b.  The Injured Party's date of birth is _____

       c.  The Injured Party's gender is _____

       d.  If the Injured Party has a Fiduciary, the Fiduciary's mailing address is _____

       e.  If the Injured Party has a Fiduciary, the Fiduciary's telephone number is _____

## CURRENT MEDICARE STATUS

*Please initial next to the statements below that apply to your/injured party's current Medicare status.*

10.     As of the effective date of the settlement or judgment in the Action:

       a.  _____ I am not/injured party is not currently receiving, nor have I/injured party ever received Medicare coverage and/or benefits, including coverage or benefits under Medicare Part A (Hospital Insurance), Part B (Medical Insurance), Part C (Medicare Advantage), and Part D (Prescription Drug Coverage) (hereinafter "Medicare").

**OR**

11.     As of the effective date of the settlement or judgment in the Action:

a. _____ I am/Injured Party is/am a Medicare beneficiary. My/Injured Party's Medicare number is _____. I am aware of my/Injured Party's obligation to reimburse Medicare, including any Medicare Part C and Part D Plans, for payments and/or benefits that I/Injured Party received directly or indirectly from Medicare for medical treatment of expenses for injuries that were alleged in the Action. I understand that reimbursement directly to Medicare may be made from the proceeds I/Injured Party receive/s from the settlement or judgment in the Action; and, with respect to

    i. _____ Medicare (Part A and Part B) has confirmed that no payment is due and owing from the proceeds of the settlement or judgment in the Action. **Attached is a copy of the Medicare Conditional Payment letter and/or Final Demand Letter regarding Medicare Parts A and B.**

    ii. _____ Medicare (Part C and Part D), if applicable, have confirmed that no payment is due and owing from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Lien Letter regarding Medicare Part C and Part D, if applicable.**

    iii. _____ Medicare (Part A and Part B) has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Conditional Payment Letter and/or Final Demand Letter regarding Medicare Parts A and B.**

    iv. _____ Medicare (Part C and Part D) have confirmed that it/they will accept the total amount of $_____ (for Medicare Part C) and $_____ (for Medicare Part D) as full and final reimbursement of all Medicare payments made to date under Medicare Part C and Medicare Part D. In accordance with the attached Medicare Lien Letter(s), I consent to the payment of these sums in a total of $_____ directly from the proceeds of the settlement or the judgment in the Action in reimbursement to the provider(s) of [my/Injured Party] Medicare Part C and Part D benefits. **Attached is a copy of the Medicare Lien Letter regarding Medicare Parts C and D, as applicable.**

    v. _____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter from Medicare. Upon receipt, I will promptly provide it to the assigned AAG and to OAG's Medicare Compliance Officer by email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me/on my behalf/ on behalf of Injured Party against the OAG for any delay in payment pursuant to the terms and conditions of the settlement or judgment in the Action prior to OAG's receipt of all necessary documentation from me issued by Medicare. In accordance with the Medicare Conditional Payment Letter and/or Final Demand, I consent to the payment,

directly from the proceeds of the settlement or judgment in the Action, of the sum stated in the Medicare Conditional Payment Letter and/or Final Demand as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

12. _____I am an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision, and treatment for injuries that are alleged in the action has been provided by or through the Department of Corrections and Community Supervision.

## FUTURE MEDICARE STATUS

*Please initial next to the statements below that apply to your/Injured Party's future Medicare status.*

13. As of the effective date of the settlement or judgment in the Action:

   a. _____ I/Injured Party am not Medicare eligible and have no reasonable expectation of becoming Medicare eligible within 30 months of the effective settlement or judgment date in the Action because (check *all* subparagraphs that apply):

      i. _____ I/Injured Party have not applied for social security disability (SSDI):

      ii. _____ I/Injured Party have not been denied SSDI and anticipating appealing that decision;

      iii. _____ I/Injured Party am not in the process of appealing or re-filing for SSDI;

      iv. _____ I/Injured Party am not 62.5 years or older; and

      v. _____ I/Injured Party do not have End Stage Renal Disease (a qualifying condition for Medicare).

**OR**

14. As of the effective date of the settlement or judgment in the Action:

   a. _____ I/Injured Party am not a Medicare beneficiary and have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action because I/Injured Party do not reasonably expect my current incarceration to end within 30 months.

**OR**

15. As of the effective date of the settlement or judgment in the Action:

   a. _____ I/Injured Party am not a Medicare beneficiary; **however,** I/Injured Party do anticipate that I/Injured Party will become a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action; and

i. _____ I/Injured Party do **not** require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that there is no anticipated future treatment required for the injuries alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

ii. _____ I/Injured Party do require future treatment for the injuries that are the subject of the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I/ Injured Party consent/s to the payment of $_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I affirm this sum will be used for my/Injured Party future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

iii. _____ I/Injured Party have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged. Furthermore, I/ Injured Party do not anticipate seeking medical treatment for the injuries alleged in the Action. I/Injured Party understand and agree that, if I/Injured Party require future treatment and/or prescription medication for such injuries, I/Injured Party will use the requisite amount of proceeds from the settlement or judgment in the Action to pay for any medical expenses relating to such injuries.

16. As of the effective date of the settlement or judgment in the Action:

a. _____ I/Injured Party am a Medicare beneficiary; and

i. _____ I/Injured Party do not require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that no anticipated future treatment is required for the injuries that are alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

ii. _____ I/Injured Party do require future treatment for the injuries that are alleged in the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I/Injured Party consent to the payment of $_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I/Injured Party affirm this sum will be used for my/Injured Party future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

iii. _____I/Injured Party have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged.. Furthermore, I/Injured Party do not anticipate seeking medical treatment for injuries alleged in the Action. I/Injured Party understand and agree that, if I/Injured Party require future treatment and/or prescription medication for such injuries, I/Injured Party will use the requisite amount of proceeds from the settlement or the judgment in the Action to pay for any medical expenses relating to such injuries.

**OR**

iv. _____I/Injured Party am/is incarcerated by the New York State Department of Correctional Services. I/Injured Party receive my medical care and treatment from the Department of Corrections and Community Supervision. Because I/Injured Party do not reasonably expect my current incarceration to end within 30 months of the effective date of the settlement or judgment in this Action, I/Injured Party have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective date of settlement or judgment in this Action.

I affirm under the penalties of perjury under the laws of New York or under the laws of the United States pursuant to 28 U.S.C. 1746, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: _____, New York

_____
Month, Day, Year


_____
[Name]